### SAUVAGEAU v. RIVER SPINNING CO.

(Circuit Court, D. Rhode Island. April 25, 1904.)

#### No. 2,686.

1. MASTER AND SERVANT—INJURIES TO SERVANT—RULES—EVIDENCE—WEIGHT.
   Where, in an action for injuries to a servant while cleaning a carding machine, the evidence as to whether plaintiff was instructed to clean the machine while in motion was conflicting, and plaintiff's counsel argued to the jury that it was unreasonable to believe that plaintiff, after being expressly forbidden to clean the machine while in motion, as de-

fendant testified, would have proceeded within a few minutes to disobey such instruction, a verdict in favor of plaintiff on such issue should not be set aside.

2. SAME—ASSUMPTION OF RISK.

Plaintiff, while engaged in cleaning a wool carding machine while in motion, was injured by having his hand caught between the cylinder and one of the top rolls of the machine. The shaft which plaintiff was cleaning projected beyond the frame of the machine, and at the end thereof was a gear over which a chain ran. Wool having collected on the shaft inside the gear and outside the cylinder, plaintiff attempted to take the wool off the shaft as he was told to do. The wool got caught in the cylinder and dragged his hand in sidewise. *Held* that, while the risk of getting his hand caught in the gear and chain was obvious, plaintiff not having placed his hand where the rolls or cylinder would catch it, the risk that it would be drawn in by the wool caught in the cylinder was not so obvious that plaintiff assumed the same as a matter of law.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, who was 18 years of age, and had worked in the carding room of a factory only 3 days prior to his injury, was instructed by his superior to lift up his sleeve and clean a wool carding machine while in motion, and to look out for the chain at the end of the shaft, which danger he avoided, but he pulled off the wool from the shaft in such a manner that it became caught in the cylinder and drew his hand in, he was not thereby guilty of contributory negligence as a matter of law.

Archambault & Gaulin, for plaintiff.
Comstock & Gardner, for defendant.

BROWN, District Judge. The plaintiff's right hand was seriously injured by being caught between the cylinder and one of the top rolls of a carding machine. He was engaged in cleaning the machine while it was in motion. The plaintiff, at the time of the injury, was about 18 years old, and had worked but 3 days in the carding room, although he had worked for several years about the mill. He testified that he was instructed to clean the machine while in motion. Upon this question there was an issue of fact, to be determined by the jury upon conflicting evidence. The defendant's brief admits that there was a conflict in the direct testimony on this point between the plaintiff and Marchand, the second hand; but contends that, in view of the evidence of a strict rule of the mill forbidding the cleaning of machinery while in motion, and of the evidence of Marcroft, the overseer, that he also had instructed the plaintiff not to clean any machinery while in motion, and had told him specifically to keep his hands away from the rolls, the jury should have found that the plaintiff was not ordered to clean the machine while in motion. The plaintiff's counsel, however, argued to the jury, and with apparent effect, that it was not reasonable to believe that the plaintiff, after being expressly forbidden to do so, would have proceeded, within a few minutes, to clean the machine while in motion. Thus not only the direct evidence, but the probabilities of the case, were presented for the consideration of the jury; and I find myself unable to say that the jury overstepped its province, or did not act within the bounds of

¶ 2. Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.

reason as to this point. If such direction were given, it exposed the plaintiff not only to the dangers from the chain and gears at the end of the shaft, concerning which he had been cautioned, but also to the danger of having his hand caught between the cylinder and rolls in the manner described by him.

The defendant makes no contention that the risk from which the plaintiff suffered was one of the ordinary risks of the business, but contends that the risk was obvious. It seems hardly credible that the plaintiff was not aware of the existence of the cylinder and rolls, and of their dangerous character should he get his hand between them. It is not clear, however, that the specific risk of having his hand drawn between the cylinder and the rolls by the wool which he was removing from the shaft in the process of cleaning was a risk obvious to one of limited familiarity with the work. The shaft which he was cleaning projected beyond the frame of the machine about seven inches. At the outside end was a gear about five inches in diameter, over which a chain was running. The risk from this was both obvious and actually known to the plaintiff. Wool had collected on the shaft inside the gear and outside the cylinder. The plaintiff testified: "I was taking the wool off the shaft, and the wool got caught in the cylinder and dragged my hand in * * * sideways." While it is true that in cleaning the machine while in motion the plaintiff assumed the obvious risk of getting his hand caught in the gear and chain on the outside end of the shaft, and while it is highly probable that he also knew that the rolls and cylinder at the inner side were dangerous, and could not recover if he voluntarily or carelessly placed his hand so near the cylinder and roll that it was caught thereby, yet, according to the plaintiff's testimony, in cleaning the machine he did not place his hand where the rolls and cylinder caught it, but in removing the wool, as he had been told to do, the wool caught in the cylinder, and dragged his hand between the cylinder and rolls. Was this an obvious risk? I am not satisfied that it was.

The question of contributory negligence remains. Was the plaintiff guilty of contributory negligence in attempting to clean this machine while in motion, or in getting his hand caught? In view of what we have already said, it must be assumed, on the petition for a new trial, that the plaintiff was instructed by the second hand to lift up his sleeve and clean the machine in motion, and to look out for the chain at the end of the shaft; that he avoided that danger, but pulled off the wool in such manner that it became caught in the cylinder and drew his hand in. Upon this state of facts it cannot be said, as a matter of law, that the jury should have found the plaintiff guilty of contributory negligence.

The allegation that the working place was not properly lighted was not sustained by the proof.

While there is room for serious doubts as to the merits of the case, yet the jury has acted within its province in finding the facts, and there is no sufficient reason for setting aside the verdict.

Petition for a new trial denied.